# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRIS GIAROLO,**

        **Plaintiff,**

**v.**                                    **Case No:   6:14-cv-846-Orl-31KRS**

**GOODWILL INDUSTRIES OF
CENTRAL FLORIDA, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the question of whether the Court has supplemental jurisdiction over the causes of action alleged in Counts II, III, IV and V of the First Amended Complaint. These issues have been fully briefed by the parties. Doc. Nos. 7, 13, 14, 19, 20, 21.

**I.      PROCEDURAL HISTORY**.

Defendant Goodwill Industries of Central Florida, Inc. ("Goodwill") removed this case from the Circuit Court in and for the Ninth Judicial Circuit based on Count I of the Complaint filed by Plaintiff Chris Giarolo, which alleged a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Doc. No. 1. The removal was proper because this Court has federal question jurisdiction over Count I.

Giarolo filed a First Amended Complaint ("FAC") in state court before the case was removed. In the FAC, Giarolo alleged five causes of action:

        Count I           Violation of the Fair Labor Standards Act

|        |        |
|--------|--------|
| Count II | Breach of Contract (Unpaid Wages) |
| Count III | Florida Constitution Section 24, Article X Minimum Wage Action |
| Count IV | FCRA Handicap/Disability Discrimination |
| Count V | FCRA Retaliation |

Doc. No. 2.

Goodwill answered Counts I, II, IV and V of the FAC and asserted twenty-seven affirmative defenses.   Doc. No. 6.   It filed a motion to dismiss Count III of the FAC for failure to state a claim on which relief can be granted.   Goodwill argued, among other things, that the Florida Constitution does not provide a cause of action to recover unpaid minimum wages.   Rather, it argues that the claim must be brought under section 448.110, Fla. Stat., the Florida Minimum Wage Act ("FMWA").   Doc. No. 7.

On June 6, 2014, I issued an order to show cause why the Court should not sever Counts IV and V of the FAC and remand them to state court under 28 U.S.C. § 1441(c)(2) because the Court cannot exercise supplemental jurisdiction over those claims or, alternatively, why the Court should not decline to exercise supplemental jurisdiction over those claims.   Doc. No. 8.   The parties responded to the order to show cause.   Doc. Nos. 14, 20, 21.   In his opposition to Goodwill's response to the order to show cause, Giarolo argued for the first time that the Court should also decline to exercise supplemental jurisdiction over Count II of the FAC.   Doc. No. 20 at 9. Goodwill responded to this new argument in a reply memorandum.   Doc. No. 21.

In his response to the motion to dismiss, counsel for Giarolo argued that the Court should also decline to exercise supplemental jurisdiction over Count III of the FAC, sever this cause of action and remand it to state court.   Doc. No. 13.   Goodwill responded to that argument in a reply brief filed with leave of Court.   Doc. No. 19.

These issues have been referred to me for issuance of a Report and Recommendation.

## II.     APPLICABLE LAW.

Pursuant to 28 U.S.C. § 1441(c)(1), if a civil action includes both a claim arising under the Constitution, laws, or treaties of the United States and a claim not within the original or supplemental jurisdiction of the district court, "the entire action may be removed if the action would be removable without the inclusion of" the claim that is not within the district court's original or supplemental jurisdiction.   However, upon removal of such an action, § 1441(c)(2) dictates that the district court "shall sever from the action all claims [that are not within the district court's original or supplemental jurisdiction] and shall remand the severed claims to the State court from which the action was removed."

This Court has the power to exercise supplemental jurisdiction over all state law claims that are so related to claims that are within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.   28 U.S.C. § 1367(a). Courts have interpreted 28 U.S.C. § 1367(a) to mean that federal courts may exercise supplemental jurisdiction over all state law claims that arise out of a common nucleus of operative fact with a substantial federal claim.   *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citations omitted). In determining whether state law claims satisfy this standard, courts examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence."   *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994)).

If this Court has the power to exercise supplemental jurisdiction over state law claims alleged in the FAC, it may exercise its discretion to decline to exercise that jurisdiction in the following circumstances:

(1)     the claim raises a novel or complex issue of State law;

(2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3)     the district court has dismissed all claims over which it has original jurisdiction; or

(4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).   If, after examining the factors listed in § 1367(c), the district court decides that it has the discretion to decline to exercise supplemental jurisdiction over a state law claim, it should consider the traditional rationales for pendent jurisdiction in deciding whether or not to exercise that jurisdiction, including judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together.   *Palmer*, 22 F.3d at 1569 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-27 (1966)).

## III.     FACTUAL ALLEGATIONS IN THE FAC.

With respect to the wage claims, Giarolo alleges that Goodwill made him an offer of employment in about November 2007 and that Goodwill indicated that Giarolo would be paid a minimum of $15.00 per hour for his employment-related services.   Doc. No. 2 ¶ 40.   Giarolo accepted the offer, and he began working for Goodwill in about November 2007.   *Id.* ¶¶ 18, 41.   Goodwill failed to pay him all wages owed pursuant to this agreement.   *Id.* ¶ 42.   Goodwill also failed to pay him the minimum wage required by the FLSA and the Florida Constitution for all hours worked, including time spent passing security clearances.   *Id.* ¶¶ 13, 21, 36, 46.   Giarolo also regularly worked more than forty hours per work week.   *Id.* ¶ 19.   Goodwill failed to pay him one and one-half times his regular hourly rate for hours worked in excess of forty hours per work week.   *Id.* ¶ 20.   Giarolo alleges that he met the statutory criteria for coverage as an

employee and that Goodwill met the statutory criteria for coverage as an employer under the FLSA.   Doc. No. 2 ¶¶ 8-12.

With respect to the Florida Civil Right Act ("FCRA") claims, Giarolo alleges that he has asthma, which is a serious respiratory condition.   *Id.* ¶ 23.   The working conditions at Goodwill negatively impacted this condition.   *Id.* ¶ 24.   He complained that the ventilation was poor in the Goodwill e-commerce department, where he worked, but nothing was done to improve the ventilation.   In early April 2013, Giarolo became a hard-goods supervisor, which required him to work in a warehouse that had poorer ventilation than the e-commerce department.   *Id.* ¶ 26. Additionally, when the warehouse's door was open, the dust inside would be disturbed which exacerbated Giarolo's asthma.   When the door was closed, the heat and lack of appropriate ventilation also exacerbated his asthma.   *Id.* ¶ 27.   On April 16, 2013, Giarolo requested a transfer to a retail store.   *Id.* ¶ 28.   Four hours after making this request, he was terminated.   *Id.* ¶ 29.   Giarolo alleges that he was an aggrieved person and that Goodwill was an employer as defined in FCRA.   *Id.* ¶¶ 14, 15.   He timely filed a charge of discrimination.   *Id.* ¶ 16.

## IV.    ANALYSIS.

### A.    *Power to Exercise Supplemental Jurisdiction Over Counts IV and V.*

In determining whether the FCRA claims arise from the same case or controversy as the FLSA claim, over which this Court has original jurisdiction, the United States Court of Appeals for the Eleventh Circuit uses a "common nucleus of operative fact" test.   *Lucero*, 121 F.3d at 597. In determining whether state law claims satisfy this standard, courts examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence."   *Hudson*, 90 F.3d at 455 (citing *Palmer*, 22 F.3d at 1566).

To establish the FLSA minimum wage and overtime compensation claim, Giarolo would have to prove that (1) he was employed by Goodwill during the time period involved, (2) he was engaged in commerce or production of goods for commerce or that Goodwill was an enterprise engaged in commerce or the production of goods in commerce, and that (3) Goodwill failed to pay him the minimum wages and overtime compensation required by the FLSA.   11th Circuit Pattern Jury Instructions (Civil) § 4.14 (2013).

To establish that Goodwill is liable for handicap/disability discrimination under FCRA, Giarolo would have to prove that (1) he has a disability, (2) he is a qualified person, and that (3) Goodwill unlawfully discriminated against him because of his disability.   *Sicilia v. United Parcel Serv., Inc.*, 279 F. App'x 936, 938 & n.3 (11th Cir. 2008) (unpublished decision cited as persuasive authority).

To establish that Goodwill is liable for retaliation in violation of FCRA, Giarolo would have to prove that (1) he engaged in a statutorily protected expression, in this case his request for an accommodation of his alleged disability, (2) he suffered an adverse employment action, and (3) there was a causal link between the adverse action and the protected expression.   *Barron v. Sch. Bd. of Hillsborough Cnty.*, Case No. 8:13-cv-31-T-30EAJ, 2014 WL 793344, at *7 (M.D. Fla. Feb. 27, 2014).

Comparing these elements of proof reveals that the only common fact underlying these three causes of action is proof that Giarolo was employed by Goodwill.   Goodwill argues that the employment relationship is sufficient, standing alone, to give this Court power to exercise supplemental jurisdiction over his FCRA claims.   Doc. No. 14 at 4.

In *O'Grady v. John Dough, The Bakery at Lakewood Ranch, Inc.*, No. 8:13-cv-1223-T-24TGW, 2013 WL 3063336 (M.D. Fla. June 18, 2013), a judge of this Court analyzed the power

to exercise supplemental jurisdiction over FCRA claims raised in an FLSA case.   In *O'Grady*, the plaintiffs alleged that defendants failed to pay them overtime wages as required by the FLSA. The plaintiffs also alleged that the defendants sexually harassed them and terminated their employment in retaliation for their complaints of sexual harassment.   The defendants argued that the facts underlying the FLSA claim and the FCRA claims arose from a common nucleus of operative fact because, "due to the relatively small size of the Bakery and the resulting limited potential witnesses available for both sets of claims, the factual occurrences of each and evidence to be brought for each will overlap . . . ."   *Id.* at *1.   The Court rejected this argument, finding that "[n]one of the events alleged in Plaintiffs' state law claims are relevant to Plaintiffs' FLSA overtime claim—aside from the commonality of the parties involved, and such a relationship is 'too attenuated to meet the standard for exercising supplemental jurisdiction.'"   *Id.* (quoting *Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09-80714-CIV, 2009 WL 4807397, at *2 (S.D. Fla. Dec. 4, 2009)).

Goodwill concedes that if this Court is persuaded by the reasoning in *O'Grady*, Counts IV and V should be severed and remanded to state court.   Doc. No. 14 at 3.   It argues, however, that another judge of this Court found that it had the power to exercise supplemental jurisdiction over state law causes of action and a claim under the federal Computer Fraud and Abuse Act ("CFAA") because all of the claims arose from the same employment relationship, citing *Deman Data Systems, LLC v. Schessel*, No. 8:12-cv-2580-T-24EAJ, 2014 WL 408443 (M.D. Fla. Feb. 3, 2014).

In *Schessel*, the plaintiffs alleged that they were the developer of proprietary software for use in the healthcare industry and licensees authorized to use the software.   The plaintiffs further alleged that Schessel, an employee of one of the plaintiffs, engaged in numerous types of misconduct, including targeting and soliciting his employer's customers, using his employer's

trade secrets and confidential information, and attempting to access the computer systems of his

employer without authorization, for which actions his employment was terminated.   The plaintiffs

asserted ten causes of action against Schessel, including violation of the Computer Fraud and

Abuse Act and nine state law claims.   *Id.* at *2.   Schessel and another defendant asserted nine

state law counterclaims against the plaintiffs.   The plaintiffs contended that four of those

counterclaims—tortious interference, defamation, unjust enrichment and unpaid wages—did not

arise out of a common nucleus of operative fact with the CFAA claim, which was the only claim

over which the court had original jurisdiction.   The Court found that the counterclaims for

tortious interference, defamation and unpaid wages arose out of a common nucleus of operative

fact with the CFAA action because each claim arose "out of the employment relationship between

Schessel and [the plaintiff who employed him] and the fallout that occurred after Schessel was

terminated."   *Id.* at *7.   The Court found that the unjust enrichment claim did not arise out of a

common nucleus of operative fact, despite the employment relationship, because in that claim

Schessel sought reimbursement of his travel expenses.   *Id.*   Therefore, contrary to Goodwill's

argument, *Schessel* does not stand for the general proposition that all state law causes of action

that arise out of an employment relationship between the parties necessarily arise out of a common

nucleus of operative fact with a federal question claim.

      In sum, the factual scenario presented in *O'Grady* is similar to the factual situation here.

The only common element of proof between the FLSA claim and the FCRA claims are that

Giarolo was employed by Goodwill.   Under these circumstances, I recommend that the Court find

that the FCRA claims do not arise from a common nucleus of operative facts with the FLSA

claim, which deprives the Court of the power to exercise supplemental jurisdiction over the FCRA

claims.   Therefore, Counts IV and V of the FAC should be severed and remanded to state court as provided for in § 1441(c)(2).

        **B.**    *Discretion to Decline to Exercise Supplemental Jurisdiction.*

As discussed above, the Court may decline to exercise supplemental jurisdiction over state law claims in a federal question case like this one if the state law claims fall within one of the four statutory reasons to decline to exercise supplemental jurisdiction.   Giarolo argues that the Court should decline to exercise jurisdiction over Count II, the unpaid wage claim, because, among other things, it will involve different elements of proof and different recoverable damages.   *See* Doc. No. 20.   He argues that the Court should decline to exercise supplemental jurisdiction over Count III, the Florida Constitution minimum wage claim, because it presents a novel or complex issue of state law and will substantially predominate over the FLSA claim.   *See* Doc. No. 13.

        1.    <u>Count II – Unpaid Wage Claim</u>.

Before reaching the question of whether to decline to exercise supplemental jurisdiction over Count II, the Court must assure itself that this claim arises out of a common nucleus of operative fact with the FLSA claim.   In order to establish the breach of contract claim, Giarolo will be required to show (1) the existence of a contract, (2) a material breach of that contract, and (3) damages resulting from the breach.   *Vega v. T-Mobile USA Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).   None of the facts necessary to establish these elements are necessary to establish a violation of the FLSA.

Furthermore, the "regular rate of pay" for purposes of FLSA overtime calculations is not necessarily the hourly rate agreed to in an employment contract.   Rather, the regular rate of pay is computed based on all remuneration paid for employment divided by the total number of hours actually worked, irrespective of a contrary regular rate in a wage contract.   *Allen v. Bd. of Pub.*

*Educ. for Bibb Cnty.*, 495 F.3d 1306, 1311-12 (11th Cir. 2007).   Therefore, the Court would not be required to resolve the breach of contract claim in order to resolve the FLSA claim.   Under these circumstances, it is doubtful whether the breach of contract claim arises from the same nucleus of operative fact as the FLSA claim.

Even if the Court has the power to exercise supplemental jurisdiction over the breach of contract claim, it has the discretion to decline to exercise that jurisdiction when the claim substantially predominates over the FLSA claim.   Issues regarding whether there was mutual assent to an oral agreement and the material terms of that oral agreement are more difficult determinations than the FLSA question of how many hours Giarolo worked in a given work week, the amount he was actually paid, and the amount he was owed under the FLSA.   The *Gibbs* factors also do not weigh in favor of exercising jurisdiction because Goodwill could, if it chose to do so, litigate the FLSA claim in state court along with the breach of contract and other state law causes of action.   29 U.S.C. § 216(b) ("An action to recover the liability prescribed in [the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction . . . .").

For these reasons, I recommend that the Court decline to exercise supplemental jurisdiction over the breach of contract claim asserted in Count II of the FAC.

                    2.    Count III – Florida Constitution Minimum Wage Claim.

The Court must also assure itself that Count III arises out of a common nucleus of operative fact with the FLSA claim.   I recommend that the Court find that it does.   Both the FLSA overtime claim and the Florida Constitution minimum wage claim will require proof that Goodwill employed Giarolo, proof of the number of hours that Giarolo worked, and proof of the amount of money he was paid for his work.   Therefore, I recommend that the Court find that it

has the power to exercise supplemental jurisdiction over the Florida Constitution minimum wage claim.

Giarolo argues that there is a dispute under Florida law about the manner in which a plaintiff can raise a claim for violation of the Florida Constitution minimum wage provision. Goodwill argues in its motion to dismiss that such a claim can only be brought under the FMWA after the aggrieved party provides written pre-suit notice of the intent to initiate an action under section 448.110(6), Fla. Stat.   Doc. No. 7 at 6.   Giarolo points to decisions from judges in this Court holding that compliance with the pre-suit notice requirements of the FMWA is not required to bring a Florida Constitution minimum wage claim.   *See Bates v. Smuggler's Enter., Inc.*, No. 2:10-cv-136-FtM-29DNF, 2010 WL 3293347 (M.D. Fla. Aug. 19, 2010); *Throw v. Republic Enter. Sys., Inc.*, No. 8:06-cv-724-T-30TBM, 2006 WL 1823783 (M.D. Fla. June 30, 2006).

In *Kwasnik v. Charlee Family Care Services of Central Florida, Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809 (M.D. Fla. June 9, 2009), this Court declined to exercise supplemental jurisdiction over a Florida Constitution minimum wage claim filed in an FLSA case because the claim would require the Court to decide novel and complex issues of state law regarding whether the FMWA pre-suit notice requirement must be complied with before bringing a claim of violation of the minimum wage provision in the Florida Constitution.   The opinion also cited to the decision in *Gibbs*, in which the Court stated that federal courts should avoid deciding novel and complex issues of state law "both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."   *Id.* at *6 (quoting *Gibbs*, 383 U.S. at 726).

Goodwill argues that the law on this issue has become much more settled since the decision in *Kwasnik* was issued.   It relies on decisions by judges of this Court in *Garcia-Celestino*

*v. Ruiz Harvesting, Inc.*, No. 2:10-cv-542-FtM-99DNF, 2013 WL 3816730 (M.D. Fla. July 22, 2013), and *Nichols v. Laboratory Corporation of America*, No. 2:13-cv-848-FtM-38CM, 2014 WL 820656 (M.D. Fla. Mar. 3, 2014), in support of that argument.   These decisions do not address whether the Court should decline to exercise supplemental jurisdiction over a Florida Constitution minimum wage claim that was joined with an FLSA claim.   Rather, in each decision the presiding district judge addressed the merits of the Florida Constitution minimum wage claim and held that such a claim must be brought under the FMWA and that a plaintiff must comply with the pre-suit notice requirements of the FMWA.   *Garcia-Celestino*, 2013 WL 3816730, at *17; *Nichols*, 2014 WL 820656, at *4-5.   Notably, in the most recent of these decisions, the Court observed that "Florida courts are split on the issue of whether plaintiffs who have filed suit under Article X, Section 24 [of the Florida Constitution] must nonetheless comply with the FMWA's notice requirement."   *Nichols*, 2014 WL 820656, at *3.

The parties have not cited a decision by any Florida court addressing the question of whether the FMWA, with its pre-suit notice provision, is the only means to bring a claim of violation of the minimum wage provision of the Florida Constitution, and I have not found any. It appears, therefore, that this question is still a novel and complex issue of state law. Accordingly, I recommend that the Court follow its previous ruling in *Kwasnik* and decline to exercise supplemental jurisdiction over Count III of the FAC.

## V.    RECOMMENDATION.

For the reasons stated above, I **respectfully recommend** that the Court find that it does not have the power to exercise supplemental jurisdiction over the FCRA claims alleged in Counts IV and V of the First Amended Complaint and that it decline to exercise supplemental jurisdiction over the breach of contract claim in Count II and the Florida Constitution minimum wage claim

alleged in Count III.   I further **recommend** that the Court sever Counts II, III, IV and V from the First Amended Complaint and remand those causes of action to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 18th, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy